**Ronald PRICE and Yvonne Price**

v.

**PHILADELPHIA ELECTRIC CO.**

**Civ. A. No. 91–5864.**

United States District Court,
E.D. Pennsylvania.

May 1, 1992.

Richard J. Silverberg, Philadelphia, Pa., for plaintiffs.

Elizabeth P. Harris, Philadelphia, Pa., for defendant.

## MEMORANDUM

WALDMAN, District Judge.

### I. BACKGROUND

Plaintiffs bring this action against defendant Philadelphia Electric Co. ("PECO"), Ronald Price's employer since 1977. The complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.Stat. Ann. § 951, *et seq.* Plaintiffs aver that Mr. Price was the victim of racially discriminatory and retaliatory conduct. A number of state law claims are also asserted. Presently before the court is PECO's Motion to Dismiss Counts III–IX of the Amended Complaint.[1]

### II. STANDARD OF LAW

█ In deciding defendants' motion to dismiss for failure to state a cognizable claim, the court must accept as true all of the plaintiff's factual allegations and draw from them all reasonably favorable inferences. *D.P. Enterprises, Inc. v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir.1984). A case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistent with the plaintiff's allegations. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984).

### III. DISCUSSION

#### A. The PHRA claims

█ Counts III and IV of the complaint allege that Ronald Price was the subject of racially discriminatory and retaliatory conduct in violation of the PHRA. To present a cognizable PHRA claim, a plaintiff must first exhaust all remedies under the statute. *See Clay v. Advanced*

---

**1.** Plaintiffs have no objection to the dismissal of counts V, VII and VIII. These counts will be dismissed.

Page:

*Computer Applications*, 522 Pa. 86, 90–91, 559 A.2d 917, 919–20 (1989); *Esmonde v. TV Guide Magazine*, Civil No. 90–7376, slip op. at 13 n. 5, 1992 WL 70409 (E.D.Pa. March 30, 1992); *James v. International Business Machines*, 737 F.Supp. 1420, 1426–27 (E.D.Pa.1990). If the Pennsylvania Human Relations Commission ("PHRC") does not act upon a complaint within one year of its filing, exhaustion has occurred.[2]

In this case, plaintiffs did not exhaust their PHRA remedies before instituting this action. Ronald Price filed complaints with both the PHRC and the Equal Employment Opportunity Commission ("EEOC") on November 23, 1990.[3] The PHRC had not acted upon that complaint and one year had not elapsed by September 17, 1991, the date plaintiffs commenced this suit. That plaintiffs filed a claim with the PHRC does not mean that PHRA's remedies had been exhausted. *See Esmonde, supra,* at 13 n. 5. In the absence of exhaustion, a cause of action under the PHRA is fatally flawed from the moment it is filed. *See James,* 737 F.Supp. at 1427.

The one year required for PHRA exhaustion, however, has elapsed while this litigation has been pending. Under such circumstances, the court would ordinarily permit amendment of the complaint to allege exhaustion and properly state PHRA claims. *See Esmonde, supra,* at 18 n. 6 (granting leave to amend to allege exhaustion of remedies when one year period elapses during pendency of federal court litigation); *McBride v. Bell of Pennsylvania,* Civil No. 89–0243, 1989 WL 71545, at *2 (E.D.Pa. June 27, 1989) (same). Plaintiff Ronald Price, however, filed another complaint with the PHRC in November 1991 for the same discriminatory conduct at issue in this case.[4] Under these circumstances, plaintiffs cannot be found to have exhausted their PHRA remedies.[5] Accordingly, counts III and IV will be dismissed.

**B. Intentional Infliction of Emotional Distress**

■ Defendants seek dismissal of Ronald Price's claim for intentional infliction of emotional distress. Defendants contend that the Pennsylvania Worker's Compensation Act ("WCA"), 77 Pa.Stat.Ann. §§ 411, *et seq.,* provides the exclusive tort remedy against an employer, even for intentional acts. Even if the WCA is not completely exclusive, defendants argue alternatively that the complaint does not state a cognizable claim.

In most cases, the WCA is the exclusive source of an employer's liability to an employee for any injury arising in the course of his or her employment. *See* 77 Pa.Stat. Ann. §§ 481(a) and 411(1); *see also Poyser v. Newman & Co., Inc.,* 514 Pa. 32, 522 A.2d 548 (1987) (holding that WCA is exclusive remedy for common law intentional torts arising during scope of employment relationship). The statute, however, excepts from its scope employee injuries caused by the intentional conduct of third parties for reasons personal to the tortfeasor. In relevant part, the exception reads:

> the term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by the act of a third person intended to injure

---

**2.** The PHRC may act upon a complaint either by dismissing it or entering a conciliation agreement to which the complainant is a party. *See* 43 Pa.Stat.Ann. § 962(c). If the PHRC does not act within one year, it must send notice to that effect to the complainant, who may then bring a civil action. *Id.*

**3.** Plaintiffs do allege that this suit was instituted within ninety days of receipt of a Notice of Right to Sue from the EEOC, but notably absent is an allegation that PHRA remedies had been exhausted.

**4.** The complaint filed on November 1, 1991 references the complaint previously filed with the PHRC on November 23, 1991 and amendments thereto. The substance of the complaint alleges that Ronald Price has been subjected to discriminatory and retaliatory conduct since 1985, but the conduct alleged is identical to that set forth in the Amended Complaint in this action. *Compare* Amended Compl. ¶¶ 17, 20, 25, 28, 30–34 and 38–41, 42, and 43 *with* PHRC November 1, 1991 Compl. (Def.'s Resp. Exh. A) (a)–(g).

**5.** Implicitly, plaintiffs would appear to agree that their PHRA remedies have not been exhausted.

the employee because of reasons personal to him, and not directed against him as an employee or because of his employment.

77 Pa.Stat.Ann. § 411(1).

The Pennsylvania Superior Court has held that the WCA does not bar a plaintiff from asserting an intentional infliction of emotional distress claim against an employer for sexual harassment by a fellow employee. *See Schweitzer v. Rockwell Int'l,* 402 Pa.Super. 34, 586 A.2d 383 (1990).[6] This court also has concluded that the WCA does not bar intentional infliction claims against an employer for emotional distress resulting from sexual harassment or misconduct by fellow employees, including supervisors. *See Dunn v. Warhol,* 778 F.Supp. 242 (E.D.Pa.1991); *Hurst v. Beck,* 771 F.Supp. 118 (E.D.Pa.1991); *Gruver v. Ezon Prods. Inc.,* 763 F.Supp. 772, 775–76 (M.D.Pa.1991); *Arnold v. Kimberly Quality Care Nursing Service,* 762 F.Supp. 1182 (M.D.Pa.1991). Oppression or harassment because of a person's race is no more employment related than is sexual misconduct. The court concludes that the WCA does not bar intentional infliction of emotional distress claims for racial harassment which fall within the ambit of the third-party exception.

PECO argues that the allegations do not fall within the scope of the third-party exception because they do not set forth discrimination or animosity particularly directed against Ronald Price, but rather more generally allege discrimination against black workers. "To fit within this exception, the third party's or fellow employee's act must have been motivated by his animosity against the injured employee. If the third party would have attacked a different person in the same position as the injured employee, the attack falls outside the 'third-party attack' exception." *Shaffer, supra,* 604 A.2d at 292.

Thus, the relevant inquiry for determining whether the exception is applicable centers on the motivation or intent of the third party. Viewing the allegations in the complaint in the light most favorable to plaintiffs, it cannot be said that the conduct alleged clearly was not a result of personal animosity of fellow employees toward Ronald Price.[7]

To state a cognizable claim for intentional infliction of emotional distress, a plaintiff must allege extreme and outrageous intentional or reckless conduct. *See Williams v. Guzzardi,* 875 F.2d 46, 52 (3d Cir.1989). Such conduct has been alleged in this case. It is alleged, *inter alia,* that racial epithets were used in Mr. Price's presence, that an employee threatened "to bury his hammer" in Mr. Price's head and that another employee told Mr. Price he could have him "wiped out." It is alleged that white workers deliberately discussed deer hunting and killing deer in Mr. Price's presence knowing of his aversion to the subject. It is alleged that following such an episode, Mr. Price found a deer's head tied to the hood of his car. The court finds that such allegations are sufficient to state a claim for intentional infliction of emotional distress.[8]

---

6. *Poyser* involved the intentional conduct of an employer and not a third party or fellow employee. *See also Shaffer v. Procter & Gamble,* 412 Pa.Super. 630, 604 A.2d 289, 292 (1992) (stating that the third party exception permits an employee "to maintain a common law tort action against his employer whenever his or her injury is the result of an attack or assault by a third person or fellow employee for reasons that are personal ... and not connected with the victim's employment.").

7. Of course, it remains for plaintiffs to establish that the employer should be liable for the employees' conduct.

8. Defendant incorrectly cites *Keck v. Commercial Union Ins. Co.,* 758 F.Supp. 1034 (M.D.Pa. 1991) for the proposition that plaintiffs' intentional infliction claim is barred by the PHRA. *Keck* states: "[I]f all or part of the facts that would give rise to a discrimination claim would also independently support a common law claim, the common law claim is not preempted by the PHRA and need not be adjudicated within its framework." *Id.* at 1039. PHRA preempts a common claim only when the underlying act supporting the claim is an act of discrimination, e.g., PHRA prohibited practices such as hiring, firing, and promoting. *Id.* at 1038–39; *Schweitzer,* 402 Pa.Super. at 44–45, 586 A.2d 383.

## C. Loss of Consortium

Defendant moves to dismiss Mrs. Price's claim for loss of consortium on the supposition that the court would dismiss all state law claims asserted on Mr. Price's behalf. Because the court will not dismiss the claim for the intentional infliction of emotional distress, Mrs. Price's derivative claim will not be dismissed.

An appropriate order will be entered.

## ORDER

AND NOW, this 1st day of May, 1992, upon consideration of defendant's Motion to Dismiss Counts III through IX of the Amended Complaint and plaintiffs' response thereto, in accordance with the accompanying memorandum, IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part in that Counts III, IV, V, VII, and VIII of the Amended Complaint are DISMISSED.