Denise BROWN, Plaintiff,

v.

ST. LUKE'S HOSPITAL, Defendant.

Civ. A. No. 92–5538.

United States District Court, E.D. Pennsylvania.

Feb. 18, 1993.

---

Joseph T. Heber, Allentown, PA, for plaintiff.

Patrick K. McCoyd, Post & Schell, P.C., Philadephia, PA, for defendant.

MEMORANDUM AND ORDER

HUYETT, District Justice.

This is a civil rights case in which plaintiff alleges that her employer violated the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title·VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 and the Pennsylvania Human Relations Act, 43 Pa.C.S. § 951 *et seq.* ("PHRA"). Plaintiff also alleges a cause of action for wrongful discharge. Plaintiff seeks compensatory and punitive damages, as well as attorneys' fees. Defendant has filed a motion to dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and (7). For the reasons stated below, defendant's motion to dismiss shall be GRANTED.

## I. INTRODUCTION

In her complaint, plaintiff alleges that she was employed by defendant St. Luke's Hospital as a store room clerk where she was harassed by other employees who referred to her as the "black bitch" and referred to her work duties as "nigger work."

In May of 1989, plaintiff's employment was suspended without pay when she reported to defendant that she had been charged with possession of drug paraphernalia. Shortly before that, on April 28, 1989, plaintiff had requested admission into defendant's Drug Rehabilitation Program, but was ultimately denied admission because of her suspension status. Plaintiff was terminated on May 16, 1989.

Plaintiff claims that defendant terminated her because of her race and that its given reason—that she had distributed controlled substances during work hours while in the performance of her duties—was pretextual. Plaintiff alleges that other, white employees who used and stole drugs were not disciplined and were permitted entry into the drug rehab program.

Defendant seeks the dismissal of plaintiff's claim under Section 1981 and her claim for wrongful termination. In addition, defendant moves to strike plaintiff's request for compensatory damages for emotional distress and punitive damages.

In her response to defendant's motion, plaintiff acknowledges that Section 1981 is not applicable to the instant case and she withdraws that claim. Accordingly, plaintiff's claim under 42 U.S.C. § 1981 shall be dismissed with prejudice. Therefore, only her claims for wrongful termination and for compensatory and punitive damages need be addressed.

## II. DISCUSSION

### A. *Standard of Review*

In resolving a motion to dismiss, the Court must accept as true all the well-pleaded allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable interpretation of the pleadings, the plaintiff may be entitled to relief. *Estate of Bailey by Oare v. County of York*, 768 F.2d 503, 506 (3d Cir.1985); *Helstoski v. Goldstein*, 552 F.2d 564, 565 (3d Cir.1977) (per curiam). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### B. *Plaintiff's Wrongful Termination Claim*

■ Defendant contends that plaintiff's allegation of wrongful discharge fails to state a claim upon which relief can be granted because (1) the exclusive remedy for discriminatory termination in Pennsylvania is an action under the PHRA, *Clay v. Advanced Computer Applications, Inc.*, 522 Pa. 86, 559 A.2d 917 (1989), and (2) there is no specific intent to harm exception to the at-will employment doctrine under Pennsylvania law. *Paul v. Lankenau Hospital*, 524 Pa. 90, 569 A.2d 346 (1990).

Plaintiff contends that in *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974), the Pennsylvania Supreme Court established a cause of action for wrongful discharge. Further, plaintiff argues, subsequent courts have construed *Geary* to have recognized a cause of action for wrongful discharge based on a specific intent to harm.

*Tourville v. Inter Ocean Ins. Co.*, 353 Pa.Super. 53, 508 A.2d 1263 (1986). Since plaintiff's complaint alleges that defendant specifically intended to harm plaintiff, plaintiff concludes that she has stated a cause of action for wrongful termination pursuant to the above authority.

Contrary to plaintiff's assertions, the court in *Geary* did not clearly adopt the specific intent to harm theory as an exception to the employee at-will doctrine. *See McWilliams v. A.T. & T. Information Systems, Inc.*, 728 F.Supp. 1186, 1193 (W.D.Pa.1990). Further, although the Superior Court in *Tourville* did construe *Geary* as recognizing a specific intent to harm exception, that holding has since been superseded by the Pennsylvania Supreme Court's decision in *Paul v. Lankenau Hospital*, 524 Pa. 90, 569 A.2d 346 (1990). In *Paul*, the Pennsylvania Supreme Court reaffirmed its refusal to abolish the doctrine of employment at-will in Pennsylvania. The Court stated:

> [A]s a general rule, there is no common law cause of action against an employer for termination of an at-will employment relationship. . . . Exceptions to this rule have been recognized in only the most limited circumstances, where discharges of at-will employees would threaten clear mandates of public policy.

*Id.* 569 A.2d at 348. It is clear from this language that the Court recognizes only a public policy exception to the employment at-will rule.

■ Plaintiff's claims of discrimination cannot be heard as claims of wrongful termination through the public policy exception because in Pennsylvania, the exclusive remedy for discriminatory termination is under the PHRA. *Clay v. Advanced Computer Applications, Inc.*, 522 Pa. 86, 559 A.2d 917 (1989). Simply put, plaintiff cannot maintain a common law cause of action for wrongful discharge based upon her termination for allegedly racial reasons, but must instead pursue the PHRA's specific statutory remedy. *Eklof v. Bramalea, Ltd.*, 733 F.Supp. 935, 937–38 (E.D.Pa.1989).

Because plaintiff cannot pursue her wrongful termination claim as either a public policy exception or a specific intent to harm exception to the general employment at-will doc-

trine in Pennsylvania, her claim for wrongful termination shall be dismissed with prejudice.

### C. Plaintiff's Claims for Punitive and Compensatory Damages

Defendant argues that plaintiff's requests for punitive and compensatory damages must be stricken because (1) she has failed to plead sufficient facts to recover punitive damages, *David v. Pueblo Supermarket of St. Thomas*, 740 F.2d 230 (3d Cir.1984), and (2) punitive and compensatory damages are not available under Title VII.[1] *Protos v. Volkswagen of America, Inc.*, 797 F.2d 129 (3d Cir.), *cert. denied*, 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986).

Plaintiff responds by arguing that although general compensatory and punitive damages may not be recoverable under Title VII or the PHRA, they are recoverable for the intentional infliction of emotional distress. *Knight v. Albert Einstein Medical Center*, 748 F.Supp. 280 (E.D.Pa.1990). Plaintiff contends that she has properly alleged the elements of intentional infliction of emotional distress in paragraph eighteen (18) of her complaint.

■ Since plaintiff acknowledges that general compensatory damages and punitive damages are not recoverable under Title VII or the PHRA, I need only address plaintiff's assertion that a claim for intentional infliction of emotional distress has been adequately alleged in her complaint. To plead such a claim, the complaint must allege (1) extreme and outrageous conduct, (2) conduct that is intentional or reckless, and (3) conduct which has caused severe emotional distress. *Papieves v. Lawrence*, 437 Pa. 373, 263 A.2d 118 (1970).

■ Pleadings are to be construed liberally in accordance with the mandates of the Federal Rules of Civil Procedure. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506, 79 S.Ct. 948, 954, 3 L.Ed.2d 988 (1959). However, it is essential that the complaint be clear enough to give defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355

U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). With this in mind, I find that while plaintiff's complaint does contain various allegations which, put together, would form the basis for a claim for intentional infliction of emotional distress, it does not clearly put defendant on notice that such a claim is being asserted. Therefore, I shall grant defendant's motion to strike plaintiff's demands for compensatory and punitive damages in connection with her Title VII and PHRA claims. However, in the interest of justice, I shall grant plaintiff leave to file an amended complaint if she wishes to include a clear and independent claim for intentional infliction of emotional distress and a request for appropriate damages under that claim.

### III. CONCLUSION

For the reasons stated above, I shall grant defendant's motion to dismiss plaintiff's claim under 42 U.S.C. § 1981 and her claim for wrongful termination. In addition, plaintiff's request for punitive and general compensatory damages shall be stricken. Plaintiff is granted leave to file an amended complaint should she wish to plead an independent claim for the intentional infliction of emotional distress within ten (10) days of the entry of this Order by the Clerk.

---

1. Defendant acknowledges that the 1991 amendments to Title VII would allow recovery of general compensatory damages and punitive damages

under the Act, but contends that amendments do not apply retroactively. *Kimble v. DPCE, Inc.*, 784 F.Supp. 250, 252 (E.D.Pa.1992).