**Raymond S. JONES, Plaintiff,**

v.

**ARBOR, INC., Defendant.**

**Civ. A. No. 92–6824.**

United States District Court, E.D. Pennsylvania.

March 8, 1993.

Harry J. Sher, Philadelphia, PA, for plaintiff.

Martha Hartle Munsch, Pittsburgh, PA, for defendant.

**MEMORANDUM**

WALDMAN, District Judge.

**INTRODUCTION**

Plaintiff asserts that defendant violated his civil rights when it terminated his employ-

ment and asserts claims under 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. §§ 1981, 1983 and 1985. Presently before the court is defendant's Motion to Dismiss.

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint. *Sturm v. Clark,* 835 F.2d 1009, 1011 (3d Cir.1987). In deciding a motion to dismiss for failure to state a claim, the court must "accept as true all the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the nonmoving party." *Rocks v. Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989). Dismissal is not appropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Robb v. Philadelphia,* 733 F.2d 286, 290 (3d Cir.1984). A complaint may be dismissed when the facts pled and the reasonable inferences therefrom are legally insufficient to support the relief sought. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 179 (3d Cir.1988).

## FACTS

The court accepts as true the sparse factual allegations in plaintiff's terse complaint. Plaintiff is a black male who was employed by defendant "in 1990 and for a time prior thereto." On December 30, 1990, defendant terminated plaintiff's employment "based on his race and color." In so doing, "defendant acted with oppression, fraud and malice."

## DISCUSSION

Plaintiff concedes in his brief that he has failed to satisfy the administrative prerequisites to maintain a Title VII claim and acknowledges defendant's right to judgment on that claim. *See* 42 U.S.C. § 2000e–5(f)(1).[1]

In *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the Supreme Court held that § 1981 applies only to discriminatory conduct "at the initial formation of the contract" or "which impairs the right to enforce contract obligations through legal process." *Id.* at 179–80, 109 S.Ct. at 2374. The Court held that § 1981 did not apply to "conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Id.* at 177, 109 S.Ct. at 2373. Thus, under *Patterson,* termination of employment for reasons of racial discrimination would not state a cognizable § 1981 claim. *See Hayes v. Community General Osteopathic Hosp.,* 940 F.2d 54, 56 (3d Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 940, 117 L.Ed.2d 110 (1992).

In the Civil Rights Act of 1991, however, Congress amended § 1981 to encompass post-formation conduct. Defendant's alleged conduct in this case took place in 1990, after *Patterson* and prior to November 21, 1991 when the new Act took effect. Plaintiff argues that the Act is retroactive and thus that he has stated a cognizable § 1981 claim.

Plaintiff relies on *Davis v. City and County of San Francisco,* 976 F.2d 1536 (9th Cir.1992) and *Thakkar v. Provident National Bank,* 1991 WL 274827 (E.D.Pa. Dec. 17, 1991). In *Thakkar,* this court stated that it would "assume" that the new Act applied retroactively in assessing and granting the defendant's motion for summary judgment. The court did not hold that any portion of the Act was or was not retroactive.[2]

The Court in *Davis* held that an amendment to Title VII providing for an award to prevailing plaintiffs of expert witness fees applied retroactively to pending litigation. In concluding that the new Act generally applies retroactively, the Court found a clear expression of Congressional intent where this court finds purposeful ambiguity. The Court in *Davis* reasoned that because the new Civil

---

**1.** The time properly to pursue a Title VII claim has elapsed. *See* 42 U.S.C. § 2000e–5(e)(1).

**2.** *See Fray v. Omaha World Herald Co.,* 960 F.2d 1370, 1383–84 (8th Cir.1992) (listing all 53 district court cases, including unreported opinions, through April 1992 holding new Act or portions thereof retroactive or not retroactive).

Rights Act expressly provides that in two instances it is to operate, prospectively, *see* §§ 109(c) and 402(b), Congress must have intended that the balance of the Act apply retroactively.

■ The court concludes that it is far more likely that without the positive assurance of prospectivity provided to American corporations abroad by § 109(c) and Wards Cove Company by § 402(b) the Act could not have passed, and that Congress otherwise left it to the courts to assess which other provisions would apply prospectively or retroactively. *See Fray*, 960 F.2d at 1376. The court finds that the language of the 1991 Act does not evince a clear intent regarding retroactivity generally,[3] and that the legislative history strongly suggests that Congress agreed to disagree about retroactivity and to leave the issue to the courts to decide.[4]

In the absence of a clear Congressional directive, the court must assess the retroactivity of the Act by referring to relevant judicial precedent. In *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the Supreme Court held that an Education Amendment of 1972 authorizing an award of attorney fees to prevailing plaintiffs in school desegregation suits applied to cases pending at the time of enactment. In *Thorpe v. Housing Authority of Durham*, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969), the Court held that new federal public housing eviction procedures applied to pending cases. The Court stated that absent contrary legislative direction or unless it would result in "manifest injustice," new laws should be applied to pending cases. *Bradley*, 416 U.S. at 711, 715, 94 S.Ct. at 2016, 2018; *Thorpe*, 393 U.S. at 281–82, 89 S.Ct. at 526.

In *Bennett v. New Jersey*, 470 U.S. 632, 639, 105 S.Ct. 1555, 1560, 84 L.Ed.2d 572 (1985), the Supreme Court stated that statutes which affect "substantive rights and liabilities" are presumptively prospective and held that substantive Education Amendments were not to be applied retroactively. In *Bowen v. Georgetown University Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), the Court held that new Medicare reimbursement entitlement regulations should not be applied retroactively and stated that new statutes and regulations are presumptively prospective. *Id.* at 208, 109 S.Ct. at 471. In *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990), the Court noted an "apparent tension" between *Bradley* and *Bowen*. *Id.*, 494 U.S. at 837, 110 S.Ct. at 1577.

If one focuses on the specific holdings of these cases and thus the context in which the statements about retroactivity were made, the tension between the lines of cases may indeed be more "apparent" than real. Particularly when viewed in light of the ancient common law hostility to retroactive application of new laws, it fairly appears that the Supreme Court has distinguished between new procedures and remedies for existing causes of action which may be given retroactive effect unless to do so would be clearly unjust, and new substantive statutory rights and obligations which are not to be applied retroactively absent a clear legislative mandate to the contrary. *See Gersman*, 975 F.2d at 899; *Johnson*, 965 F.2d at 1374. This distinction is consistent with the rationale underlying the general hostility to retrospective legislation and the notion of fundamental fairness that one should not be held liable on a cause of action which did not exist at the time of the conduct on which it is premised.[5]

---

3. *See Vogel v. City of Cincinnati*, 959 F.2d 594, 597 (6th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 86, 121 L.Ed.2d 49 (1992); *Gersman v. Group Health Ass'n, Inc.*, 975 F.2d 886, 890 (D.C.Cir.1992); *Mozee v. American Commercial Marine Service Co.*, 963 F.2d 929, 934 (7th Cir. 1992); *Fray v. Omaha World Herald Co.*, 960 F.2d 1370, 1376 (8th Cir.1992); *Aiken v. Bucks Ass'n for Retarded Citizens, Inc.*, 799 F.Supp. 522, 527 (E.D.Pa.1992).

4. *See Vance v. Southern Bell Telephone and Telegraph Co.*, 983 F.2d 1573 (11th Cir.1993); *Gers-*

*man*, 975 F.2d at 892; *Johnson v. Uncle Ben's, Inc.*, 965 F.2d 1363, 1373 (5th Cir.1992); *Mozee*, 963 F.2d at 934; *Aiken*, 799 F.Supp. at 529; *Kimble v. DPCE, Inc.*, 784 F.Supp. 250, 251 (E.D.Pa.1992); *Thompson v. Johnson & Johnson Management Info. Center*, 783 F.Supp. 893, 896 (D.N.J.1992).

5. Newly created remedies may be so substantial in their impact on subsequent conduct that retro-

Indeed, even in *Bradley*, the Court evinced concern about disrupting legal relationships among private parties and suggested that the retrospective alteration of vested rights or imposition of new obligations could result in "manifest injustice." *Bradley*, 416 U.S. at 720, 94 S.Ct. at 2020. In *Davis v. Omitowoju*, 883 F.2d 1155, 1170–71 (3d Cir.1989), the Court stated that new statutes should not be applied retroactively when to do so would affect prior existing rights or obligations.

The retroactive application of § 101(2)(b) of the Act to pre-formation conduct would affect the substantive rights and obligations of the parties. *See Aiken*, 799 F.Supp. at 531 (Act affects rights and obligations of parties); *Graham v. State Farm Mutual Automobile Insurance Co.*, 1992 WL 334024 at *4 (E.D.Pa. November 2, 1992) (Section 1981 as amended by Act alters substantive rights). At the time it allegedly occurred, the conduct of which plaintiff complains did not support a cause of action under § 1981. The court will not apply § 101(b)(2) retroactively to sustain such a cause of action now. Plaintiff's § 1981 claim will be dismissed.

 To sustain his § 1983 claim, plaintiff must show that he was deprived of a federally secured right by one acting under color of state law. *See Rendell–Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 2769, 73 L.Ed.2d 418 (1982); *Krynicky v. University of Pittsburgh*, 742 F.2d 94, 97 (3d Cir.1984). Plaintiff does not allege that defendant corporation is a state actor or has such a symbiotic relationship with the state effectively to be an instrumentality of the state.[6]

 To sustain his § 1985 claim, plaintiff must establish that defendants conspired to violate his civil rights for reasons of race or other class-based animus. *See Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir.1986), *cert. denied*, 484 U.S. 839, 108 S.Ct. 125, 98

L.Ed.2d 83 (1987). Plaintiff does not allege that defendant **conspired** with anyone to discriminate against him. Plaintiff argues that it should be "obvious" that in denying him his rights, defendant "acted at all times through its agents, servants, workmen and employees." A corporation and its agents acting on its behalf or employees in the performance of their corporate functions cannot conspire. *See Doherty v. American Motors Corp.*, 728 F.2d 334, 339–40 (6th Cir.1984). That a corporate action reflects a collective decision by several corporate officials does not satisfy the conspiracy element of § 1985. *See Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir.1972).

Accordingly, plaintiff's §§ 1983 and 1985 claims will also be dismissed. An appropriate order will be entered.

## ORDER

**AND NOW**, this 8th day of March, 1993, upon consideration of defendant's Motion to Dismiss and plaintiff's response thereto, consistent with the accompanying memorandum, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** and the above-captioned case is **DISMISSED.**

---

active application could result in "manifest injustice," *see Aiken*, 799 F.Supp. at 532, and new limitations on remedies may effectively alter substantive rights if applied retroactively. *See Davis*, 883 F.2d at 1171.

6. In his brief, plaintiff asks in the alternative that he be allowed to amend his complaint to allege that defendant was acting under color of state law so that counsel may "explore" whether defendant, a private corporation, may be a state

actor. A plaintiff cannot avert dismissal of a claim by amending a complaint to allege as fact something he has absolutely no basis for believing. *See* Fed.R.Civ.P. 11. Otherwise, every plaintiff could hale any private business into federal court and force it to engage in discovery and to incur substantial expense and disruption by alleging with no factual or legal basis that it acted "under color of state law."