## Vick v. Harristown Development Corp.

C.P. of Dauphin County, no. 1141 S 1994.

*Jared W. Ingersoll,* for plaintiff.
*Thomas B. Schmidt III,* for defendant.

*EN BANC,* TURGEON, HOOVER AND CLARK, *JJ.*

CLARK, *J.,* July 30, 1996—This court has been called upon to consider defendants' motion for summary judgment. After careful consideration, the motion is hereby denied in part and granted in part.

On November 28, 1980, defendant Harristown Development Corporation, entered into a lease with Peaches and Cream Inc. On or about April 26, 1982, plaintiff, Brenda Vick accepted an assignment of the lease from Peaches and Cream. The lease was con-

tinually renewed until January 1, 1986. At this time, plaintiff became a month-to-month tenant until she vacated the premises in May of 1990.

On November 9, 1989, HDC distributed a memorandum to its commercial tenants reminding them of the holiday operation hours which would be in effect throughout the Christmas season. Furthermore, any tenants not observing these hours would be subject to a penalty.

Contrary to the terms of her lease, plaintiff failed to adhere to the holiday hours and open her establishment on Sunday, November 12, 1989. As a result, HDC terminated her month-to-month tenancy and provided her with 30 days written notice of the termination in accordance with the terms of the lease. While the parties attempted to enter into a new lease, plaintiff would not agree to any terms which would allow HDC to retain its right to determine her hours of operation. Therefore, plaintiff vacated the premises the following May.

On April 27, 1994, plaintiff filed a complaint alleging that defendants violated the Pennsylvania Human Relations Act and the Pennsylvania Constitution. In response thereto, defendants filed a motion for summary judgment.

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). When considering whether summary judgment is proper, the record must be examined in a light most favorable to the nonmoving party, with all doubts resolved against the moving party. *Demmler v. SmithKline Beecham Corp.,* 448 Pa. Super. 425, 671 A.2d 1151 (1996).

Defendants contend that the motion for summary judgment to Count I of plaintiff's complaint should be granted. Examining the arguments presented, it is clear that material issues of fact exist precluding a ruling

in defendants' favor. Count I alleges that defendants violated 43 Pa.C.S. subsections 955(h)(1) and 955(h)(3) of the Pennsylvania Human Relations Act by discriminating against plaintiff because of her religious beliefs. Subsection 955(h)(1) explains, in relevant part, that it is unlawful discriminatory practice for any person to refuse to lease, deny or withhold commercial property from any person because of that person's religious creed. Defendants contend that this provision does not apply since it deals exclusively with access to public accommodations, of which plaintiff was not denied. On the contrary, plaintiff argues that she established a prima facie case by demonstrating that she is a member of a protected class; she suffered adverse action in a leasing situation; and non-members of her class have been treated differently. In the event a prima facie case was found, HDC offered a nondiscriminatory purpose for extending the hours by explaining that the additional time would provide a significant economic benefit. However, plaintiff questions the impact of this benefit since other merchants were permitted to close without suffering a penalty.

Additionally, plaintiff contends defendants violated subsection 955(h)(3) of the Act by discriminating against her in the terms or conditions of her lease because of her religious creed since other occupants were relieved of the extra holiday hours. In particular, she makes mention of a Jewish man who was permitted to close his operation during his religious holidays. While this argument might be somewhat persuasive, it is not directly on point. Defendants are not requiring that plaintiff be open for business on the actual dates her religious holidays are observed. She is being directed to be open a few Sundays before the actual holiday. More importantly, she notes a Morman who was exempted from Sunday hours throughout the year in conformance with his religious beliefs. In an effort to refute

these contentions, defendants deny that plaintiff was not offered a lease. On the contrary, they assert she was offered a lease which did not contain all of the terms she found favorable. Based on the foregoing uncertainty as to whether plaintiff adequately established a cause of action under the PHRA, summary judgment is denied.

Next, defendants request that the court grant summary judgment in their favor to Count II of the complaint. Count II alleges that defendants violated Article 1, Section 3 of the Pennsylvania Constitution. In order to assert a violation, however, plaintiff must first establish that defendants are state actors. *Professional Insurance Agents Association of PA, MD and DE Inc. v. Chronister,* 155 Pa. Commw. 652, 625 A.2d 1314 (1993), *allocatur denied, Professional Insurance Agents Association of PA, MD & DE, Inc. v. Maleski,* 539 Pa. 269, 652 A.2d 293 (1994). In support thereof, plaintiff relies on the decision of the Pennsylvania Supreme Court in *Harristown Development Corp. v. Commonwealth Department of General Services,* 532 Pa. 45, 614 A.2d 1128 (1992). The issue in this case was whether the legislative amendment, (Act 153), to the Sunshine Act, 65 Pa.C.S. §§271-76, applied to HDC. The court reviewed the Act's definition of agency and concluded that its requirements applied to HDC. Under this definition, any nonprofit corporation which leased property to the Commonwealth in excess of $1,500,000 shall be deemed an agency. Since HDC leased properties to the Commonwealth for $13 million in revenues, the court considered it an actor of the state.

However, the facts of the above case can easily be distinguished from the facts at hand. In *HDC v. Commonwealth, supra,* the court was applying the definition of an agency as it was contained in the Sunshine Act. In the case before us, the Sunshine Act is not at issue. Rather, the Pennsylvania Constitution is the relevant legal authority. Under these circumstances, the court fails to see any precedential value in the case used

to support plaintiff's position. No other argument has been offered in support thereof.

Defendants, however, provide a significant amount of case law indicating that the receipt of government funds does not in itself render a private entity a state actor when applying the provisions of the Pennsylvania Constitution. *Hicks v. Arthur,* 843 F. Supp. 949, 958 (E.D. Pa. 1994). See also, *Rendell-Baker v. Kohn,* 457 U.S. 830, 840, 102 S.Ct. 2764, 2771 (1982); *San Francisco Arts & Athletics Inc. v. United States Olympic Committee,* 483 U.S. 522, 544, 107 S.Ct. 2971, 2985 (1987); *Newman v. Legal Services Corp.,* 628 F. Supp. 535, 541 (D.D.C. 1986). Additionally, the fact that a private party is pervasively regulated by the state does not make its actions "state action." See *Midlake on Big Boulder Lake, Condominium Association v. Cappuccio,* 449 Pa. Super. 124, 673 A.2d 340 (1996); *Staino v. Commonwealth, Pennsylvania State Horse Racing Commission,* 98 Pa. Commw. 461, 512 A.2d 75 (1986). To be considered state action, there must be "a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.* at 465-66, 512 A.2d at 77. Plaintiff failed to demonstrate such a nexus between the Commonwealth and HDC. Accordingly, the motion for summary judgment is granted and Count II of the complaint is dismissed. In connection with the above, the following is entered:

## ORDER

And now, July 30, 1996, for the reasons outlined in the attached memorandum, defendants' motion for summary judgment is denied as it relates to Count I of the complaint and granted as it relates to Count II of the complaint.