## ARMSTRONG

v.

## SCHOOL DISTRICT OF PHILADELPHIA, et al.

### Civ. A. No. 81–3862.

United States District Court, E.D. Pennsylvania.

Nov. 29, 1984.

Theodore Q. Thompson, Ambler, Pa., for plaintiff.

Patricia A. Donovan, Philadelphia, Pa., for School Dist.

Deborah R. Willig, Philadelphia, Pa., for PFT.

## OPINION

JOSEPH S. LORD, III, Senior District Judge.

Plaintiff filed a civil rights suit against the School District of Philadelphia, its Superintendent, the Board of Education, and her union, the Philadelphia Federation of Teachers ("PFT"). Her amended complaint accuses defendants of a continuing pattern and practice of racial discrimination and alleges causes of action based upon 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

The PFT has filed a motion for judgment on the pleadings, or in the alternative, a motion for summary judgment. Since the parties refer to evidence adduced in discovery, the PFT's motion will be treated as one for summary judgment. Fed.R. Civ.P. 12(c). Plaintiff's response to a properly supported summary judgment motion may not rest upon the allegations of her pleading. Rather, plaintiff must produce admissible evidence sufficient to create a genuine issue of material fact. Fed.R. Civ.P. 56(e).

The heart of plaintiff's accusations against the PFT is found in Counts IV, V and VI of the complaint. For the following reasons the PFT will be granted summary judgment as to those counts.

Count IV alleges that the PFT engaged in a pattern and practice of discrimination against plaintiff and conspired with the other defendants in violation of § 1981. Specifically, plaintiff avers that the PFT: (1) failed to provide effective representation by permitting plaintiff's employer to discriminate against blacks; (2) negotiated and entered into contract provisions which had the effect of denying blacks equal opportunity for employment; (3) failed to act affirmatively to prevent plaintiff's employer from discriminating against blacks; (4) failed to process the grievances of black employees on the same basis as the grievances of whites were processed. Count VI alleges that this purported pattern and practice of discrimination by the PFT violated §§ 1985(1) and (3), and 1986, as well as § 1981.

Count V alleges that the PFT conspired to prevent plaintiff from effectively performing her duties on the Mayor's Commission For Women and to have her removed from said Commission. Defendants allegedly engaged in these activities because plaintiff is black and in retaliation for her actions on the Commission. Plaintiff avers that this purported conspiracy violated her rights under §§ 1981, 1983, 1985(1) and (3) and 1986.

### I. Plaintiff's Section 1981 Claims

A cause of action in the employment context based upon § 1981 must set forth facts tending to establish that the allegedly disparate treatment suffered by plaintiff was the result of purposeful or intentional discrimination. Section 1981 "does not extend to facially neutral conduct having the consequence of burdening one race more than the other." *Croker v. Boeing Co.*, 662 F.2d 975, 989 (3d Cir.1981) (*en banc*). The criterion of purposeful or intentional discrimination cannot be satisfied by vague and conclusory allegations in the complaint unsupported by affidavits, depositions, or other admissible evidence *dehors* the complaint, stating the specific facts upon which claims of discrimination are based. *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922–23 (3d Cir.1976).

A union's failure to negotiate a contract to correct an employer's discriminatory practices gives rise to a cause of action under § 1981 only if racial animus on the part of the union is specifically shown. *See e.g., Goodman v. Lukens Steel Co.*, 580 F.Supp. 1114, 1160 (E.D.Pa.1984). In her deposition testimony plaintiff was not only unable to identify any specific contract provision which had the effect of discriminating against blacks, but also admitted that she had "no idea" whether the union negotiated and entered into the contract with the intention of discriminating against black employees.

In *Trader v. Fiat Distributors, Inc.*, 476 F.Supp. 1194 (D.Del.1979), plaintiff brought a § 1981 suit which made allegations of

discrimination by a union similar to those being made here against the PFT. The court dismissed the suit against the union due to a lack of specificity in the complaint. "Specifically, the complaint fails to identify the allegedly discriminatory [collective bargaining] agreement, ... the date of that agreement, the general contents of that agreement, or the effect that agreement exerts on plaintiff's employment opportunities ... In addition, the complaint is completely devoid of factual documentation supporting the allegations of unfair representation." 476 F.Supp. at 1201.

■ It is axiomatic that a union must in all respects represent all of its members in a nondiscriminatory fashion. But a crucial element of a claim of discriminatory representation is a factual showing that in similar circumstances whites were treated differently from blacks. *See e.g., Donaldson v. Taylor Products Div. of Tecumseh,* 620 F.2d 155, 159 (7th Cir.1980). Although questioned extensively on the issue of actual discrimination during her deposition, plaintiff could cite no instance where a white person was treated differently than she was by the PFT.

■ Counts IV and VI lack the specificity necessary to maintain a § 1981 suit and discovery has totally failed to uncover the factual predicate necessary to support plaintiff's claims.

The only evidence adduced in support of the allegations in Count V is that the PFT wrote Mayor Green requesting that "representatives of labor" be appointed to the Commission. There is no evidence that the PFT's request involved the plaintiff in any way. *A fortiori,* there is no evidence that any action taken by the PFT with regard to the Commission or plaintiff's position on it, was the result of intentional racial discrimination. Therefore, this § 1981 claim must also fail. *See Croker, supra.*

### II. Plaintiff's Claims Under Sections 1983, 1985 and 1986

#### a. Section 1983.

■ Plaintiff's § 1983 suit against the PFT must fail since any alleged discrimination by the union does not constitute the state action necessary for plaintiff to maintain a cause of action under that statute. *See Jackson v. Temple Univ. of Com. Sys. of Higher Ed.,* 721 F.2d 931, 933 (3d Cir. 1983).

#### b. Section 1985(3).

■ The essential elements of a claim under § 1985(3) are: "(1) a conspiracy by the defendants; (2) designed to deprive plaintiff of the equal protection of the laws; (3) the commission of an overt act in furtherance of that conspiracy; (4) a resultant injury to person or property or a deprivation of any right or privilege of citizens; and (5) defendant's actions were motivated by a racial ... discriminatory animus." *Carter v. Cuyler,* 415 F.Supp. 852, 857 (E.D.Pa.1976) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971)).

■ Again, to survive a motion to dismiss, plaintiff must plead facts which support allegations of a conspiracy and of intentional discrimination. *Robinson v. McCorkle,* 462 F.2d 111, 113 (3d Cir.) *cert. denied,* 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 492 (1972). These allegations must include a description of the membership, formulation and purpose of the alleged conspiracy. *Everett v. City of Chester,* 391 F.Supp. 26, 28–29 (E.D.Pa.1975). Nothing in Count VI indicates how, why, or when the alleged conspiracy came into existence, the identity of its members, or the methods by which it accomplished its goals. When given the opportunity to substantiate her claim of conspiracy between the PFT and the other defendants, plaintiff could cite only her own speculation for support.

Count V is similarly deficient. Plaintiff has not averred and has adduced no evidence that she suffered "injury to person or property or a deprivation of any right or privilege of citizens" due to the conspiracy alleged in Count V. Thus, Count V's § 1985(3) suit must also fail. *See Carter, supra.*

### c. Sections 1985(1) and 1986.

 The remaining causes of action in Count V and Count VI are equally without merit. By its terms, § 1985(1) applies only to conspiracies to interfere with officers of the United States, or those about to take such office. Plaintiff is not an officer of the United States, nor was she prevented from becoming one.

Relief under § 1986 is predicated upon plaintiff's successful averment of a cause of action under § 1985. *Rogin v. Bensalem Tp.*, 616 F.2d 680, 696 (3d Cir. 1980), *cert. denied*, 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981). Since plaintiff has failed to state a cause of action under § 1985, her § 1986 claims must also fail.

### III. The Remainder Of Plaintiff's Complaint

Although the other defendants are specifically named in the remaining counts of the complaint, the PFT is not.[1] Even if plaintiff is given the benefit of the doubt and the remaining counts are construed, where possible, to implicate the PFT, none of them will survive the PFT's motion for summary judgment.

Counts I and II accuse plaintiff's employer of discriminating against her due to her race in a variety of terms and conditions of employment. To the extent that these averments implicate the PFT, they are identical, in substance, to the claims alleged in Counts IV and VI. For the reasons set forth above, the PFT is entitled to summary judgment on these counts.

Count III of the complaint only concerns plaintiff's employer and the Equitable Life Assurance Society. During oral argument, plaintiff conceded that Count IVA did not concern the PFT.[2]

Count VII alleges that the defendants violated the Fair Labor Standards Act by paying plaintiff less than white males with equivalent job responsibilities. Count IX alleges that the defendants violated state law by providing "unsworn falsification" at school board meetings regarding voluntary employee transfers. Count X alleges that plaintiff's supervisor sexually harassed her and retaliated against her for refusing his sexual advances. On their face, none of these counts specifically applies to the PFT and the plaintiff has supplied no basis for finding that the PFT was responsible for the acts complained of.

Count VIII alleges that the defendants violated the equal protection clause of the Fourteenth Amendment. This is inapplicable to the PFT, since its acts do not constitute state action. *See Jackson, supra.*

An appropriate order will be entered granting the PFT summary judgment as to all counts of plaintiff's complaint.

---

**1.** However, these counts do incorporate by reference previous counts which mention the PFT and also make vague allegations concerning a group of "defendants" which could include the PFT.

**2.** Two counts of the amended complaint are numbered IV. The second is being referred to as Count IVA.