**Adrienne G. STAIR, Plaintiff,**

v.

**LEHIGH VALLEY CARPENTERS LOCAL UNION NO. 600 OF the UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA; United Brotherhood of Carpenters Local 600 Joint Apprenticeship and Training Trust Fund; James Filyac; and United Brotherhood of Carpenters and Joiners of America, Defendants.**

Civ. A. No. 91–1507.

United States District Court,
E.D. Pennsylvania.

Jan. 15, 1993.

Elvira C. La Barre, Turtzo, Spry, Sbrocchi, Faul & La Barre, Bangor, PA, for plaintiff.

Stephen C. Richman, Philadelphia, PA, Charles W. Johnston, Camp Hill, PA, for defendants.

## MEMORANDUM

HUYETT, District Judge.

Plaintiff Adrienne G. Stair is a former member of Defendant Lehigh Valley Carpenters Local Union No. 600 of the United Brotherhood of Carpenters and Joiners of America (Local 600 or Union) and a former participant in the apprenticeship program operated by Defendant United Brotherhood of Carpenters Local 600 Joint Apprenticeship and Training Trust Fund (JATC). Defendant James Filyac is a business agent of Local 600 and a member of the Board of

**1118**

Trustees of the JATC. Defendant United Brotherhood of Carpenters and Joiners of America (International Union) is the international union of which Local 600 is a member.

Plaintiff has alleged that Defendants have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17. Count I of Plaintiff's complaint alleges that Defendant Local 600 failed to refer Plaintiff for employment, in a way that deprived her of employment opportunities because of her sex. Count I further alleges that Defendant Local 600 terminated her from its membership because of her sex. In Count II Plaintiff alleges that Defendant Local 600 created an intimidating, hostile, or offensive work environment by promoting calendars of women in various stages of nudity and by failing to take action on Plaintiff's behalf when she complained of sexual harassment and discrimination. Count III of Plaintiff's complaint alleges that Defendant JATC discriminated against Plaintiff because of her sex by placing her on probation and later terminating her from participation in the apprenticeship program. In Count IV Plaintiff alleges that Defendant James Filyac sexually harassed Plaintiff by making sexually derogatory comments to her. Plaintiff is suing Defendant Filyac in his individual capacity, as business agent for Local 600, and as trustee of the JATC. Finally, Count V alleges that Defendant International Union discriminated against Plaintiff because of her sex by failing to supervise its local union affiliate properly and stop the alleged harassment and discrimination. The Court granted summary judgment in favor of the International Union on Count V. *Stair v. Lehigh Valley Carpenters Local Union No. 600*, No. 91–1507 (E.D.Pa. July 15, 1992).

Defendants Local 600 and Filyac and Defendant JATC have filed motions in limine asking this Court to preclude Plaintiff from introducing any evidence, whether testimonial or documentary, concerning any alleged acts of discrimination or harassment against Kay Doyle by any defendants in this lawsuit that culminated in a case filed in the Northampton County Court of Common Pleas entitled *Kay F. Doyle & Craig Doyle v. Frank Costello, Lehigh Valley Carpenters Local Union No. 600, Walter Fries, James Fisher, Ronald Stimmel, Dennis Thoma, Jacob Krampasky, Richard Behler, Reuben Krout, James Filyac, James Gill, United Brotherhood of Carpenters and Joiners of America, Patrick Campbell, and Lewis Pugh*, Case No. 1985–C–1926.

According to Plaintiff, Kay Doyle would testify that she was employed by Local 600 as a secretary from 1981 until July 1983. According to Doyle, Frank Costello, business agent for Local 600, touched Doyle in an offensive manner on four occasions in 1983. On March 16, 1983 Costello touched Doyle's genital area. On April 14, 1983 Costello attempted to push Doyle into a supply area and touch her. On April 22, 1983 and May 3, 1983 Costello grabbed Doyle's breasts. Doyle filed a complaint with the Pennsylvania Human Relations Commission shortly thereafter, and resigned from her job in July 1983. She instituted a lawsuit against the defendants listed above. This lawsuit was settled without an admission of liability on the part of the defendants.

Among other things, Defendants argue that evidence concerning Ms. Doyle's allegations is irrelevant under Federal Rule of Evidence 401 and hence inadmissible under Federal Rule of Evidence 402, and that even if it is relevant, its probative value is substantially outweighed by the danger of unfair prejudice and the other factors listed in Federal Rule of Evidence 403, and that therefore the Court should exclude the evidence.

█ Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. In an employment discrimination case based upon disparate treatment, the plaintiff must prove, as one element of her case, that the defendant intentionally discriminated against her on the basis of an impermissible factor. To

prove that the discrimination was intentional, the plaintiff must show the defendant's state of mind. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 255, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). A plaintiff can prove the defendant's state of mind through circumstantial evidence such as evidence of past conduct or prior incidents. *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 714 n. 3, 715, 103 S.Ct. 1478, 1481 n. 3, 1482, 75 L.Ed.2d 403 (1983). Thus, evidence of past conduct or prior incidents of alleged discrimination has a tendency to make the existence of a fact that is of consequence—the defendant's discriminatory motive or intent—more probable than it would be without the evidence, and therefore such evidence is, as a general rule, relevant.

■ Although evidence of character traits or prior wrongs is generally inadmissible to show that a person acted in conformity therewith on a particular occasion, Federal Rule of Evidence 404(b) permits the use of such evidence to prove motive or intent. Numerous cases have held that, as a general rule, evidence of discrimination against other employees is relevant to the issue of whether a defendant's employment action against an employee was motivated by intentional discrimination. *E.g., Phillip v. ANR Freight Systems, Inc.,* 945 F.2d 1054, 1056 (8th Cir.1991) (evidence of other age discrimination lawsuits filed against ANR should have been admitted into evidence because it is relevant to whether employer more likely than not to have acted from unlawful motive); *Spulak v. K Mart Corp.,* 894 F.2d 1150, 1156 (10th Cir. 1990) (testimony of other employees about their treatment by defendant relevant to issue of employer's discriminatory intent); *Hawkins v. Hennepin Technical Center,* 900 F.2d 153, 155–56 (8th Cir.1990) (and cases cited therein); *Conway v. Electro Switch Corp.,* 825 F.2d 593, 597 (1st Cir. 1987) (evidence of a discriminatory atmosphere at a plaintiff's place of employment is relevant to the question of motive in considering a discrimination claim).

■ Furthermore, to determine whether a plaintiff has proven a claim for sexual harassment based upon an intimidating, hostile, or offensive work environment, a court must examine the totality of the circumstances. Included in the totality of circumstances is evidence of sexual harassment directed at employees other than the plaintiff, which is relevant to show a hostile working environment. *E.g., Vinson v. Taylor,* 753 F.2d 141 (D.C.Cir.1985) (evidence tending to show defendant's harassment of other women working alongside Vinson directly relevant to question whether he created environment violative of Article VII), *aff'd, Meritor Savings Bank v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *Rauh v. Coyne,* 744 F.Supp. 1181, 1183 (D.D.C.1990) (evidence of complaints of sexual harassment at employer's establishment within fifteen months after female employee terminated admissible).

■ There are, however, limitations to the admissibility of such evidence. Incidents that are too remote in time or too dissimilar from a plaintiff's situation are not relevant. *Garvey v. Dickinson College,* 763 F.Supp. 799 (M.D.Pa.1991) (and cases cited therein). All Defendants argue that Kay Doyle's situation was not similar to Adrienne Stair's situation. They state that Ms. Doyle was a secretary for Local 600 and alleged sex discrimination and harassment in the employer-employee context. In contrast, they state that Plaintiff was a member of the Union and a participant in JATC's apprenticeship program and that she alleges discrimination in the Union's hiring hall function and in the JATC's training function. Furthermore, they contend that because there is a lack of identity between the defendants in the prior case and the defendants in the present action, the evidence of the alleged discrimination against Ms. Doyle is irrelevant.

■ Were this the sole basis of Defendants' motions for excluding the evidence concerning Kay Doyle, the Court would deny the motions. There is an identity of two of the defendants in both actions— Local 600 and James Filyac. Furthermore,

it is immaterial that Kay Doyle was a secretary for the Union and that Adrienne Stair was a member of the Union. Both women alleged that the Local and its agents discriminated against them based upon their sex. Evidence concerning the alleged discrimination against Kay Doyle is relevant to whether the present defendants acted with discriminatory motive or intent against Adrienne Stair.

The Court, however, will grant Defendants' motions in limine because the allegations concern events that are too remote in time to the events in the present action. The alleged acts of sex discrimination and sexual harassment against Kay Doyle occurred in 1983. Plaintiff Stair did not become a member of the Union until 1987 and her membership was terminated in 1991. The alleged acts of sex discrimination and harassment against Plaintiff occurred in that 1987 to 1991 timeframe, four years after the alleged acts of discrimination and harassment against Kay Doyle. The Court concludes that evidence concerning the alleged discrimination against Kay Doyle by Defendants Local 600 and Filyac is relevant, but because of the remoteness in time to the acts of discrimination and harassment alleged in the present action, its probative value is substantially outweighed by the danger of unfair prejudice. The Court will exclude the evidence pursuant to Rule 403.

An appropriate order follows.

## ORDER

Upon consideration of the motion in limine of Defendants Lehigh Valley Carpenters Local Union No. 600 of the United Brotherhood of Carpenters and Joiners of America and James Filyac and the motion in limine of Defendant United Brotherhood of Carpenters Local 600 Joint Apprenticeship and Training Trust Fund for an order excluding from evidence any evidence concerning any alleged acts of discrimination or harassment against Kay Doyle by any defendants in this lawsuit that culminated in a case filed in the Northampton County Court of Common Pleas entitled *Kay F. Doyle & Craig Doyle v. Frank Costello,* *Lehigh Valley Carpenters Local Union No. 600, Walter Fries, James Fisher, Ronald Stimmel, Dennis Thoma, Jacob Krampasky, Richard Behler, Reuben Krout, James Filyac, James Gill, United Brotherhood of Carpenters and Joiners of America, Patrick Campbell, and Lewis Pugh,* Case No. 1985–C–1982, Plaintiff's response, and for the reasons stated in the foregoing memorandum:

1. Defendants' motions are GRANTED.

2. Plaintiff is precluded from introducing any evidence, whether testimonial or documentary, concerning any alleged acts of discrimination or harassment against Kay Doyle by any defendants in this lawsuit that culminated in a case filed in the Northampton County Court of Common Pleas entitled *Kay F. Doyle & Craig Doyle v. Frank Costello, Lehigh Valley Carpenters Local Union No. 600, Walter Fries, James Fisher, Ronald Stimmel, Dennis Thoma, Jacob Krampasky, Richard Behler, Reuben Krout, James Filyac, James Gill, United Brotherhood of Carpenters and Joiners of America, Patrick Campbell, and Lewis Pugh,* Case No. 1985–C–1982.

IT IS SO ORDERED.