**Maryam TAHA**

v.

**IMMIGRATION AND
NATURALIZATION
SERVICE, et al.**

Civ. A. No. 92–7224.

United States District Court,
E.D. Pennsylvania.

Aug. 6, 1993.

Maryam Taha, pro se.

Karen Elizabeth Rompala, Sp. Asst. U.S. Atty., Brenda Fraser, Philadelphia, PA, for defendant.

## MEMORANDUM—ORDER

ANITA B. BRODY, District Judge.

Plaintiff has filed a *pro se* complaint alleging violation of 42 U.S.C. § 1983 against the Immigration and Naturalization Service ("I.N.S."), the Secretary of the U.S. Department of Education,[1] the "United States De-

partment of Post Secondary Education,"[2] "Deputy Read Wallace,"[3] and John F. Morris, Financial Aid Director at Temple University.

The Immigration and Naturalization Service and the United States Department of Education (the "federal defendants"), and defendant Temple University, now have both moved to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted.

Plaintiff claims that defendants denied her "due process," (Complaint, at p. 1) and "equal protection," (Complaint, at pp. 1–2) because her student financial aid was canceled by Temple University after the plaintiff was not able to provide the university with proof of her citizenship. (Complaint, at pp. 2–3) Plaintiff's complaint seeks immediate relief in the form of an injunction,[4] and on March 31, 1993, the court held an emergency hearing on plaintiff's request for an injunction. At that hearing, the plaintiff failed to establish the requirements for the issuance of an injunction, and the court in an order dated March 31, 1993 denied plaintiff's petition for emergency relief.

Plaintiff's complaint is based in large part on a settlement agreement in a case previously before the Honorable Marvin Katz of this court, *Daryoush Taha v. United States*, docketed at 91–5173.[5] The plaintiff in the instant case was a third-party plaintiff in the prior lawsuit, which concerned the citizenship status of several members of the Taha family.

---

1. Plaintiff's complaint names Lamar Alexander, who was Secretary of Education at the time the complaint was filed. The proper substituted defendant as of this date would be the current Secretary, Richard W. Riley.

2. In its pleadings, the government represents that there is no such department at the U.S. Department of Education. *See* Memorandum of Law in Support of Federal Defendants' Motion to Dismiss, at p. 2, n. 1.

3. Again, the government represents that there is no such person at the U.S. Department of Education. *See* Memorandum of Law in Support of Federal Defendants' Motion to Dismiss, at p. 2, n. 1.

4. *See* Complaint, at p. 4. Plaintiff also filed a "Motion for a Emergency Hearing" on March 18, 1993.

5. This case was initially assigned to The Honorable Marvin Katz. Judge Katz determined that the case was not related to the case previously before him, and the case was reassigned to my calendar on January 6, 1993.

Where plaintiff has raised matters in the instant lawsuit that clearly involve the case before Judge Katz, I have dismissed those matters without prejudice for plaintiff to seek relief in that case. *See* "Plaintiff's Motion for Reinforcement of the Stipulation and Breach of Agreement" and order of June 21, 1993 denying the motion without prejudice.

■ The agreement and stipulation that settled the case before Judge Katz provided, with respect to the instant plaintiff, that plaintiff would be "responsible for finding an American Embassy that will accept jurisdiction of [her] application for immigrant visa." [6] *See* Memorandum of Law in Support of Federal Defendants' Motion to Dismiss, Exhibit "A" at ¶ 1(a). The Agreement further provided plaintiff with additional periods of voluntary departure if she satisfactorily establishes that she is pursuing an immigrant visa and is otherwise eligible for voluntary departure, *see id.* at ¶ 1(b), and granted plaintiff advance parole to seek issuance of an immigrant visa abroad. *See id.* at ¶ 1(c). Thus, under the terms of plaintiff's Agreement with the United States, plaintiff would have the right to apply for permanent residency status in the United States only after she found an American Embassy that accepted jurisdiction and granted her application for an immigrant visa.

This is quite contrary to plaintiff's interpretation of the Agreement. Plaintiff alleges in her complaint that "[t]he stipulation made it clear that the plaintive [sic] is a legal resident by law ..." (complaint, at p. 1), and "the stipulation grantees [sic] the plaintiffs [sic] a lawful permanent residence with an option of U.S. citizenship." (Motion of Plaintiffs and Memorandum of Law in Support of the Complaint Against the Defendants, at p. 12).

■ In deciding a motion to dismiss for failure to state a claim upon which relief can be granted, I must presume all factual allegations of the complaint to be true and draw all reasonable inferences therefrom in favor of the non-moving party. *D.P. Enterprises, Inc. v. Bucks County Community College,* 725 F.2d 943 (3d Cir.1984). As a *pro se* litigant, plaintiff is entitled to liberal construction of her complaint. *King v. Cuyler,* 541 F.Supp. 1230 (E.D.Pa.1982). Notwithstanding plaintiff's *pro se* status, however, the complaint must nevertheless set forth facts which, taken as true, state a claim as a matter of law. *See King,* citing *Guy v. Swift & Co.,* 612 F.2d 383 (8th Cir.1980).

Construing the facts in plaintiff's complaint in the light most favorable to the plaintiff, I find that the complaint fails to set forth facts that state a legal claim against any defendants named in the complaint.

■ Plaintiff's claim against the I.N.S. is essentially that plaintiff's financial aid was canceled because plaintiff had no documentation from the I.N.S. of her citizenship status. Plaintiff has not, however, pleaded facts that suggest the I.N.S. has done anything other than that which it is obliged to do under the terms of the settlement agreement in the previous litigation. Nor does plaintiff allege any facts that state a cognizable legal claim against the Department of Education or any of its agencies. Title IV of the Higher Education Act of 1965, as amended, provides for financial assistance to students attending institutions of higher education.[7] Although the Secretary of Education is charged with the administration of these Title IV programs,

---

6. On a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), the court is free to take judicial notice of certain facts that are of public record if they are provided to the court by the party seeking to have them considered. *See Provident Nat'l Bank v. Frankford Trust Co.,* 468 F.Supp. 448, 450 & n. 2 (E.D.Pa.1979); *Diceon Electronics, Inc. v. Calvary Partners, L.P.,* 772 F.Supp. 859, 861 (D.Del.1991); 2A J. Moore, Moore's Federal Practice ¶ 12.07[2.5], at 12–68 (2d ed. 1991); 5 Wright & Miller, Federal Practice and Procedure § 1357 at 593; Fed.R.Evid. 201(b)(2) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

The reservations expressed by the Third Circuit in *Goodwin v. Elkins & Co.,* 730 F.2d 99 (3d Cir.1984) are inapposite here. In *Goodwin,* Judge Garth was concerned about considering, in connection with defendant's motion to dismiss, a partnership agreement not included in plaintiff's complaint but attached as an exhibit to defendant's motion. *Id.* at 105 n. 9. I do not see my taking judicial notice of an order approved by this court as reaching nearly as far as the situation that troubled the *Goodwin* Court.

7. *See* 20 U.S.C. § 1070 *et seq.,* 34 C.F.R. Part 690 (Federal Pell Grant Program); 20 U.S.C. § 1087aa *et seq.,* 34 C.F.R. Part 674 (Federal Perkins Loan Program); 42 U.S.C. § 2751 *et seq.,* 34 C.F.R. Part 675 (Federal Work Study Program); and 20 U.S.C. § 1070b *et seq.,* 34 C.F.R. Part 676 (Federal Supplemental Educational Opportunity Grant Program).

participating institutions are responsible for the actual award and payment of financial assistance to individual students, in accordance with regulations established by the Secretary. *See, e.g.,* 34 C.F.R. § 674.10(a)(1) ("Selection of Students for Loans"); 34 C.F.R. § 690.75 ("Determination of Eligibility for Payment"); 34 C.F.R. § 675.10 ("Selection of Students for SEOG Awards"). Thus, plaintiff's claim that her student financial aid was canceled by Temple University does not state a claim against the Department of Education or its agencies.

Plaintiff likewise fails to state a claim against Temple University for canceling plaintiff's financial aid. An institution may award federal aid to a student only after it has made a determination that the student meets eligibility requirements mandated by federal law. Specifically,

> In order to receive any grant, loan or work assistance under this Title, a student must
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (5) be a citizen or national of the United States, a permanent resident of the United States, in the United States for other than a temporary purpose and able to provide evidence from the Immigration and Naturalization Service of his or her intent to become a permanent resident ...

20 U.S.C. § 1091(a)(5). *See also* 34 C.F.R. 668.7 (delineating eligibility standards for federal aid which include, *inter alia,* proof of citizenship or permanent resident status). Temple University cannot be liable to plaintiff for following the eligibility requirements mandated by Congress.

**AND NOW,** for the reasons set forth herein, it is **ORDERED** this 6th day of August 1993, that the motion of the Federal Defendants to dismiss plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6) is **GRANTED,** and plaintiff's claims against the Federal Defendants are **DISMISSED.** It is **FURTHER ORDERED** that the motion of defendant Temple University to dismiss plaintiff's claims is **GRANTED** and plaintiff's claims against Temple University are **DISMISSED.**