Charles STERLING

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.

No. 95–CV–1901.

United States District Court, E.D. Pennsylvania.

Sept. 8, 1995.

Lanier E. Williams, Philadelphia, PA, for Plaintiff.

Nicholas J. Staffieri, SEPTA Legal Division, Philadelphia, PA, for Defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This race discrimination case is before the Court today on motion of the defendant, which asks us to dismiss the complaint on the grounds that it fails to state a claim upon which relief may be granted. For the reasons that follow, the motion will be granted,

though we will grant the plaintiff leave to submit an amended complaint.

## I. BACKGROUND

The facts of the case, as recited in the complaint, are as follows. The plaintiff is Charles Sterling, an African–American man and a former employee of the defendant, the Southeastern Pennsylvania Transportation Authority ("SEPTA"). Hired in 1972, Mr. Sterling worked as a bus operator during the time period pertinent to this lawsuit. Pursuant to the relevant collective bargaining agreement between SEPTA and Transport Workers Union, Local 234, SEPTA is bound by the Integrated Program of Education, Assistance, and Testing for Intoxicants and Control of Substances (the "Integrated Program"), as modified by Order of this Court. *See Transport Workers' Union, Local 234 v. SEPTA,* 678 F.Supp. 543, 552–53 (E.D.Pa.), *aff'd,* 863 F.2d 1110 (3d Cir.1988); *vacated and remanded,* 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 560 (1989); *aff'd in part, vacated and remanded in part on other grounds,* 884 F.2d 709 (3d Cir.1989). The Integrated Program sets forth the procedures governing the random drug testing of SEPTA employees. Thus, an employee who tests positive for an illegal drug as a result of a random drug test may request that an independent laboratory retest the urine sample. The Integrated Program further provides that the second test of the urine specimen must be quantified.

In October of 1993, Mr. Sterling was selected for a random drug test, and tested positive for an illegal drug. Accordingly, he was placed in the Integrated Program. Nine months later, Mr. Sterling was administered an unannounced test and again tested positive. He requested a retest of the same urine specimen soon after he was informed of the result of the second test, and the result of the retest was also positive. In violation of the terms of the Integrated Program, however, SEPTA failed to obtain quantitative values for the retest. At SEPTA's request,

Mr. Sterling subsequently submitted his resignation, thus terminating his employment.

Mr. Sterling has now filed the instant complaint, in which he alleges that "SEPTA's failure to obtain a second test of the same urine sample with quantitative values substantially violated plaintiff's rights under the Integrated Program." Compl. ¶ 19. The complaint contains five counts, three of which are at issue here.[1] In the first, Mr. Sterling alleges that SEPTA's actions constitute intentional racial discrimination in violation of 42 U.S.C. § 1981. In Counts II and III, both brought under 42 U.S.C. § 1983, Mr. Sterling claims that SEPTA discharged him on account of his race and gender in violation of his rights to equal protection and due process under the Federal Constitution. We turn now to the merits of the parties' arguments.

## II. DISCUSSION

### A. Standard for a Rule 12(b)(6) Motion

A motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) is the proper means by which a defendant challenges the legal sufficiency of a complaint. *Jones v. Hinton,* 847 F.Supp. 41, 42 (E.D.Pa.1994). To survive a motion to dismiss, the plaintiff must set forth facts, and not mere conclusions, which state a claim as a matter of law. *Taha v. INS,* 828 F.Supp. 362, 364 (E.D.Pa.1993). The Court must accept as true all of the factual averments in the complaint and extend to the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). Thus, a complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

### B. Counts I and II: Employment Discrimination

As we noted above, Mr. Sterling purports to state claims of racial and gender

---

1. In his response to SEPTA's motion to dismiss, Mr. Sterling concedes that he has failed to state cognizable claims for wrongful discharge (Count IV) and breach of contract (Count V). Thus, SEPTA's motion will be granted with respect to those claims.

discrimination under §§ 1981 and 1983 by asserting that (1) he is an African–American man; (2) SEPTA had in place a policy regarding drug testing; (3) SEPTA violated that policy in his case; and (4) SEPTA forced him to resign. In order to make out a claim of racial or gender discrimination, Mr. Sterling must allege purposeful discrimination; that is, he must assert that SEPTA took some adverse action against him as a result of a discriminatory animus. *Weldon v. Kraft, Inc.*, 896 F.2d 793, 796 (3d Cir.1990); *O'Brien v. City of Philadelphia*, 837 F.Supp. 692, 699 (E.D.Pa.1993). *See Stair v. Lehigh Valley Carpenters Local Union No. 600*, 813 F.Supp. 1116, 1118 (E.D.Pa.1993) (plaintiff must prove that defendant intentionally discriminated against him based upon an impermissible factor).

▪ At trial, a plaintiff can prove intent either by introducing direct evidence of discrimination or under the burden shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), as refined in *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *Weldon*, 896 F.2d at 796; *Smith v. Chevron USA*, 876 F.Supp. 70, 74 (E.D.Pa. 1995). Thus, under the *McDonnell Douglas* framework, a plaintiff must first demonstrate a prima facie case by showing that (1) he was a member of a protected class; (2) he was qualified for his position; and (3) others not in the protected class were treated more favorably. *Weldon*, 896 F.2d at 797. Should plaintiff make this showing, the inference of discrimination is raised and the burden shifts to the defendant-employer to articulate some legitimate reason for its action. *Smith*, 876 F.Supp. at 74–75. Once this showing is made, the onus is again on the plaintiff to show that a discriminatory motive animated the defendant's actions. *Bellissimo v. Westinghouse Elec. Corp.*, 764 F.2d 175, 179–80 (3d Cir.1985), *cert. denied*, 475 U.S. 1035, 106 S.Ct. 1244, 89 L.Ed.2d 353 (1986); *Brennan v. National Tel. Directory Corp.*, 881 F.Supp. 986, 993 (E.D.Pa.1995).

▪ With this understanding of the elements of Mr. Sterling's claims in mind, we turn now to the rules governing the adequacy of pleadings. Under the liberal pleading rules established in our rules of civil procedure, a plaintiff is merely required to offer "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The rules require, however, that a plaintiff set forth facts supporting his claim; he cannot rely exclusively on "'vague and conclusory allegations'" in opposing a motion to dismiss. *Hicks v. Arthur*, 843 F.Supp. 949, 954 (E.D.Pa.1994) (quoting *Armstrong v. School Dist. of Philadelphia*, 597 F.Supp. 1309, 1312 (E.D.Pa. 1984)).

▪ Upon review of Mr. Sterling's complaint with these standards in mind, we are compelled to conclude that it fails to satisfy the requisites of Rule 8. As we noted above, Mr. Sterling alleges that the independently conducted drug test did not contain quantitative values, in violation of SEPTA's established policy. The complaint is utterly devoid, however, of any facts from which a factfinder might infer that SEPTA took adverse action against him on account of his race. For example, there is no allegation that similarly situated white employees were more favorably treated. Nevertheless, Mr. Sterling makes the following assertions: (1) "Defendant's acts and practices set forth herein constitute intentional race discrimination against plaintiff ... in violation of Section 1981." Compl. ¶ 27; and (2) "Defendant's acts and practices set forth herein constitute intentional denial of equal protection of the law based on race and sex ... under the United States Constitution." Compl. ¶ 30. Of course, as we have recognized, such sweeping assertions are inadequate in the absence of supportive facts; and Mr. Sterling has provided none. *Armstrong*, 597 F.Supp. at 1312.

▪ Perhaps recognizing the insufficiency of his complaint, Mr. Sterling contends that he has set forth facts to the support the conclusion that he has made out a prima facie case under the *McDonnell Douglas* framework, implicitly arguing that he can defeat a motion to dismiss by so doing. The question of whether Mr. Sterling has indeed set forth facts to clear the prima facie hurdle is irrele-

vant, however, because Rule 8 requires a plaintiff to offer a statement explaining his entitlement to *relief.* And as we explained above, a plaintiff is not entitled to relief merely because he can make out a prima facie case.[2] Instead, the prima facie step is the first of a three-step inquiry, the aim of which is to determine whether employer purposefully discriminated against employee. *Weldon,* 896 F.2d at 796. Thus, Mr. Sterling's complaint could not survive this motion even if it did contain facts supporting a prima facie finding. An employment discrimination plaintiff, like any other, must offer a statement demonstrating that he is entitled to relief. Rule 8(a). In the instant context, this means that Mr. Sterling must plead facts to support the conclusion that SEPTA intentionally discriminated against him. Since he has failed to do so, SEPTA's motion to dismiss Counts I and II must be granted. We will, however, grant Mr. Sterling leave to amend his complaint so that it complies with Rule 8(a), if he so chooses.

## C. Count III: Deprivation Of Due Process

In Count III, Mr. Sterling contends that SEPTA violated his right to due process. In his opposition to SEPTA's motion to dismiss, Mr. Sterling asserts that SEPTA's failure to afford him an opportunity to be heard prior to his effective discharge amounts to a due process violation. *See Cleveland Bd. of Education v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (due process requires that the deprivation of a property interest be preceded by notice and an opportunity to be heard). Unfortunately for Mr. Sterling, he makes no allegation in the complaint that SEPTA failed to provide him with a pretermination hearing. As a result, he has failed to make out a proper claim that his due process rights were violated. We will, however, allow him to amend his complaint to cure this defect.

## III. CONCLUSION

For the reasons stated above, SEPTA's motion to dismiss will be granted without prejudice as to Counts I, II and III of the complaint. Mr. Sterling will be granted leave to amend Counts I, II and II. Further, the motion will be granted as to Counts IV and V.

---

2. This is especially so in a case like this one, where the complaint itself contains facts to support a finding that the employer's actions were legitimate.