JOHNNIE J. PETERKIN, Plaintiff-Appellant v. THE COLUMBUS COUNTY BOARD OF EDUCATION, Defendant-Appellee

No. COA 96-1315

(Filed 15 July 1997)

## Constitutional Law § 86 (NCI4th)— teacher dismissal—racial discrimination—insufficient complaint

The complaint of a former vocational teacher dismissed through a reduction in force failed to state a claim against defendant county board of education for racial discrimination under 42 U.S.C. § 1983 where he alleged only that defendant violated his civil rights "by erroneously assigning points for rank and certification [to another employee] which was done in a scheme to dismiss plaintiff from employment."

**Am Jur 2d, Civil Rights §§ 3, 4.**

**Restrictive covenants, conditions, or agreements in respect of real property discriminating against persons on account of race, color, or religion. 3 ALR2d 466.**

**Discrimination in provision of municipal services or facilities as civil rights violation. 51 ALR3d 950.**

**Construction and application of state equal rights amendments forbidding determination of rights based on sex. 90 ALR3d 158.**

Appeal by plaintiff from order entered 9 August 1996 by Judge D. Jack Hooks, Jr. in Columbus County Superior Court. Heard in the Court of Appeals 22 May 1997.

*Earl Whitted, Jr. for plaintiff-appellant.*

*Tharrington Smith, by Randall M. Roden and Daniel W. Clark, for defendant-appellee.*

WYNN, Judge.

This action stems from plaintiff Johnnie J. Peterkin's dismissal as a vocational teacher in the Columbus County school system through a Reduction in Force ("RIF"). Rather than administratively appealing the Columbus County Board of Education's decision to terminate his employment, Mr. Peterkin chose to file the subject action nearly three years later. Following the trial court's dismissal of his action under Rule 12(b)(6) for failure to state a claim upon which relief could be granted, Mr. Peterkin appealed to this Court.

The sole issue on appeal is whether the trial court erred in determining that Mr. Peterkin failed to allege an actionable claim for violation of 42 U.S.C. § 1983 based on racial discrimination. We affirm the trial court's decision.

42 U.S.C. § 1983 covers all types of discrimination by state officials, insofar as the discrimination is based upon constitutionally impermissible factors such as race, gender, religion, or the exercise of First Amendment rights. In order to make out a claim of racial discrimination, a plaintiff "must allege purposeful discrimination; that is, he must assert that [defendant] took some adverse action against him as a result of a discriminatory animus." *Sterling v. Southeastern Pennsylvania Transp. Authority*, 897 F.Supp. 893, 896 (E.D.Pa. 1995) (citing *Weldon v. Kraft, Inc.*, 896 F.2d 793, 796 (3d Cir. 1990); *O'Brien v. City of Philadelphia*, 837 F. Supp. 692, 699 (E.D.Pa. 1993); *Stair v. Lehigh Valley Carpenters Local Union No. 600*, 813 F. Supp. 1116, 1118 (E.D.Pa. 1993) (plaintiff must prove that defendant intentionally discriminated against him based upon an impermissible factor)). A plaintiff can prove purposeful discrimination by direct evidence or by showing that "(1) he was a member of a protected class; (2) he was

qualified for his position; and (3) others not in the protected class were treated more favorably." *Sterling*, 897 F. Supp. at 896 (citation omitted).

In the subject case, the trial court dismissed Mr. Peterkin's claim under Rule 12(b)(6) because he failed to plead the necessary elements to set forth a claim for racial discrimination under § 1983. There are three instances where the dismissal of a complaint is appropriate: (1) when the face of a complaint reveals that no law supports plaintiff's claim; (2) *when the face of the complaint reveals that some fact essential to plaintiff's claim is missing;* or (3) when some fact disclosed in the complaint defeats plaintiff's claim. *Advertising Co. v. City of Charlotte*, 50 N.C. App. 150, 152, 272 S.E.2d 920, 922 (1980). In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, all the allegations of the complaint are taken as true, but conclusions of law are not. *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970). Furthermore, only matters contained in the pleadings are considered in a 12(b)(6) motion to dismiss. N.C.R. Civ. P. 12(b).

In his complaint, Mr. Peterkin alleged that defendant violated his civil rights "by erroneously assigning points for rank and certification [to another employee] which was done in a scheme to dismiss the plaintiff from employment." However, nowhere in his complaint does he set forth language that makes out a *prima facie* claim of racial discrimination under § 1983. Significantly, the complaint fails to set forth any facts from which it may be inferred that defendant discriminated against Mr. Peterkin on account of *race*. Having failed to allege facts that would support a § 1983 claim, we must conclude that the trial court properly granted defendant's Rule 12(b)(6) motion to dismiss this action. Accordingly, the order of the trial court is,

Affirmed.

Judges LEWIS and MARTIN, John C. concur.